UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,                                        Case No. 3:21-cv-1750

            Plaintiff,

    v.                                              MEMORANDUM OPINION
                                                      AND ORDER

Robert Pollex, *et al.*,

            Defendants.

### I. INTRODUCTION

On September 9, 2021, *pro se* Plaintiff Jeremy Kerr filed a lawsuit alleging a variety of claims under federal and state law against Defendants Robert Pollex, Alan Mayberry, Matthew Reger, Paul Dobson, Thomas Matuszak, Aram Ohanian, Mark Wasylyshyn, Rod Smith, Cindy Hofner, Doris Herringshaw, Craig LaHote, Theodore Bowlus, Jane Spoerl, and Matthew Oestreich. (Doc. No. 1). Defendants Pollex, Mayberry, and Reger are current and former judges on the Wood County, Ohio Court of Common Pleas. Dobson, Matuszak, Ohanian, Wasylyshyn, Smith, Hofner, Herringshaw, LaHote, Bowlus, Spoerl, and Oestreich are current and former Wood County, Ohio officials and employees (collectively, the "Non-Judicial Defendants").

All Defendants have moved to dismiss Kerr's claims against them. (Doc. Nos. 11 and 13). After briefing was completed on those motions, Kerr filed a motion for leave to amend his complaint. (Doc. No. 18). The parties completed briefing on those motions. Kerr subsequently filed a second motion for leave to amend his complaint, which also is fully briefed. (Doc. No. 23).

For the reasons stated below, I grant the motions to dismiss and deny Kerr's motions for leave to amend his complaint.

## II.  BACKGROUND

Kerr, an inmate at the North Central Correctional Institution in Marion, Ohio, asserts 36 claims arising out of two Wood County criminal cases. In 2006, Kerr was charged by indictment with three counts of passing bad checks (the "2006 Case"). Kerr was found guilty following a bench trial before Judge Mayberry and was sentenced to two years in prison. In 2012, Kerr was charged by indictment with four counts of tampering with evidence and four counts of forgery (the "2012 Case"). He was convicted on all eight counts following a jury trial, and Judge Pollex sentenced Kerr to seven years and eight months in prison.[1]

Kerr asserts the following claims in connection with the 2006 and 2012 Cases:

- **Count One** – Kerr seeks a declaratory judgment that the 2012 Case "is void ab initio for lack of Territorial Jurisdiction/ Subject Matter Jurisdiction."

- **Count Two** – Kerr seeks a declaratory judgment that the 2012 Case "is void ab initio for lack of original subject matter jurisdiction under [Ohio Revised Code] 2931.03."

- **Count Three** – Kerr seeks a declaratory judgment that the 2012 Case "is void ab initio for lack of original subject matter jurisdiction under ORC 2901.11 and [O]RC 309.08."

- **Count Four** – false imprisonment, 42 U.S.C. § 1983, Judge Pollex (2012 Case).

- **Count Five** – malicious prosecution, § 1983, Smith (2012 Case).

- **Count Six** – malicious prosecution, § 1983, Dobson and Matuszak (2012 Case).

- **Count Seven** – civil conspiracy, § 1983, Smith, Dobson, Matuszak, and Judge Pollex (2012 Case).

---

[1] Also in 2012, Kerr was charged by indictment with two counts of theft in the Ottawa County, Ohio Court of Common Pleas. He was found guilty by a jury and currently is serving five years in prison as a result of that conviction. *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A686150 (last accessed September 27, 2022). Kerr's claims in this litigation do not relate to the Ottawa County case.

2

- **Count Eight** – violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, Judge Pollex (2012 case).

- **Count Nine** – admission of business records as evidence, violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, subject matter jurisdiction, Judge Pollex (2012 case).

- **Count Ten** – failure to prove statements in bill of particulars, violation of due process rights, "6th (sic) and 14th" Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution, Matuszak (2012 case).

- **Count Eleven** – failure to grant motions of acquittal, violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, Judge Pollex (2012 case).

- **Count Twelve** – issuing judgment of conviction and sentence "based on a record that is wholly devoid of any evidence that Kerr had committed an element of the charges," violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, Judge Pollex (2012 case).

- **Count Thirteen** – prosecutorial misconduct, violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, Matuszak (2012 case).

- **Count Fourteen** – failure to grant motion to vacate conviction and sentence, violation of due process rights, Fourteen Amendment to the United States Constitution and Article I, § 10 of the Ohio Constitution, Judge Reger (2012 case).

- **Count Fifteen** – reckless, wanton, and willful misconduct, § 1983, Smith (2012 Case).

- **Count Sixteen** – reckless, wanton, and willful misconduct, § 1983, Judge Pollex (2012 Case).

- **Count Seventeen** – reckless, wanton, and willful misconduct, violation of Ohio Rules of Professional Conduct, Dobson and Matuszak (2012 Case).

- **Count Eighteen** – reckless, wanton, and willful misconduct, violation of Ohio Judicial Canons, Judge Reger (2012 Case).

- **Count Nineteen** – intentional infliction of emotional distress, Smith (2012 Case).

- **Count Twenty** – intentional infliction of emotional distress, Dobson and Matuszak (2012 Case).

- **Count Twenty-One** – intentional infliction of emotional distress, Judge Pollex (2012 Case).

- **Count Twenty-Two** – intentional infliction of emotional distress, Judge Reger (2012 Case).

- **Count Twenty-Three** – Kerr seeks a declaratory judgment that the 2006 Case "is void ab initio for lack of subject matter jurisdiction under ORC 2931.03."

- **Count Twenty-Four** – Kerr seeks a declaratory judgment that the 2006 Case "is void [ab] initio for lack of subject matter jurisdiction/power/authority under Wood County Local Rule 5.02."

- **Count Twenty-Five** – false imprisonment, § 1983, Judge Mayberry (2006 Case).

- **Count Twenty-Six** – malicious prosecution, § 1983, Dobson and Ohanian (2006 Case).

- **Count Twenty-Seven** – civil conspiracy, § 1983, Dobson, Ohanian, Mayberry, and Hofner (2006 Case).

- **Count Twenty-Eight** – reckless, wanton, and willful misconduct, violation of Ohio Rules of Professional Conduct, Dobson and Ohanian (2006 Case).

- **Count Twenty-Nine** – reckless, wanton, and willful misconduct, violation of Wood County Local Rule 5.02(D), Hofner (2006 Case).

- **Count Thirty** – reckless, wanton, and willful misconduct, violation of Ohio Judicial Canons, Judge Mayberry (2006 Case).

- **Count Thirty-One** – intentional infliction of emotional distress, Dobson and Ohanian (2006 Case).

- **Count Thirty-Two** – intentional infliction of emotional distress, Judge Mayberry (2006 Case).

- **Count Thirty-Three** – intentional infliction of emotional distress, Hofner (2006 Case).

- **Count Thirty-Four** – respondeat superior, § 1983 / *Monell*, Dobson (2006 and 2012 Cases).

- **Count Thirty-Five** – respondeat superior, § 1983 / *Monell*, Wasylyshyn (2006 and 2012 Cases).

- **Count Thirty-Six** – indemnification, LaHote, Bowlus, Herringshaw, Oestreich, and Spoerl

(Doc. No. 1 at 31-81).

4

### III. STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). A court lacks subject matter jurisdiction over a plaintiff's claims if those claims are not ripe for review. *Bigelow v. Michigan Dep't of Nat'l Res.*, 970 F.2d 154, 157 (6th Cir. 1992). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A defendant's facial attack on the ripeness of the plaintiff's claims asserts the allegations of the complaint do not establish subject matter jurisdiction and implicates a similar standard of review as a Rule 12(b)(6) motion. *Id.*

Additionally, a defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### IV. ANALYSIS

#### A. *HECK V. HUMPHREY* AND THE *ROOKER /FELDMAN* DOCTRINE

The Defendants argue many of Kerr's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and the *Rooker/Feldman* Doctrine. (*See* Doc. No. 12 at 4-5; Doc. No. 13 at 6-8).

In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

5

>order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* at 487 (emphasis in original).

The *Rooker/Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482 (1983) and *Rooker v. Fid. Tr. Co.,* 263 U.S. 413, 416 (1923)).

Kerr concedes his convictions in the 2006 and 2012 cases have not been overturned. He argues, however, that a United States District Court has the authority to declare his convictions void pursuant to *Twin City Fire Insurance Co. v. Adkins*, 400 F.3d 293 (6th Cir. 2005). (*See* Doc. No. 1 at 3; Doc. No. 14 at 2). Kerr asserts the *Twin City* court held "a district court has authority to declare a state court judgment void because the *Rooker/Feldman* Doctrine does not apply to state court judgment that is void." (Doc. No. 14 at 2). Once his convictions are vacated, Kerr continues, *Heck* no longer provides a barrier to his damages claims. (*Id.* at 4-5).

But *Twin City* does not say what Kerr claims it does. What that case says is that "*Rooker/Feldman* 'does not apply to bar a suit in federal court <u>brought by a party that was not a party in the preceding action in state court</u>.'" *Twin City*, 400 F.3d at 297 (quoting *United States v. Owens,* 54 F.3d 271, 274 (6th Cir.1995)) (emphasis added). Kerr indisputably was the losing <u>party</u> in the state court actions, and *Rooker/Feldman* plainly bars his claims seeking to declare void his criminal convictions found in Counts One, Two, Three, Sixteen, Twenty-Three, and Twenty-Four. Therefore, I dismiss those claims for lack of subject matter jurisdiction.

6

As I stated above, unless the allegedly unconstitutional convictions previously have been invalidated, *Heck v. Humphrey* bars an inmate's § 1983 action seeking damages for those convictions "if success in that action would necessarily demonstrate the invalidity of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (emphasis removed). Kerr seeks monetary damages under § 1983, claiming his federal constitutional rights were violated when: (1) he was falsely imprisoned following his convictions, Counts Four and Twenty-Five; (2) he was subjected to malicious prosecution leading up to his convictions, Counts Five, Six, and Twenty-Six; (3) he was the victim of a civil conspiracy, resulting in his prosecution and conviction, Counts Seven and Twenty-Seven; (4) his prosecution, trial, and post-conviction proceedings did not provide due process, Counts Eight, Nine, Ten, Eleven, Twelve, Thirteen, and Fourteen; (5) he was investigated and prosecuted without probable cause, Count Fifteen; and (6) Wood County policies led to his prosecution and conviction, Counts Thirty-Four and Thirty-Five.

Kerr could not prevail on any of these claims unless he showed his convictions were invalid. He has not done so. Therefore, these claims plainly are barred by *Heck v. Humphrey*. *See, e.g., Lassen v. Lorain Cnty., Ohio*, No. 1:13 CV 1938, 2014 WL 3511010, at *5 (N.D. Ohio July 14, 2014) (holding *Heck* bars claims for false imprisonment and malicious prosecution); *Allen v. Clark*, No. 1:13CV326, 2014 WL 3016075, at *7 (S.D. Ohio July 3, 2014) (holding *Heck* barred plaintiff's § 1983 claim that defendants unconstitutionally conspired to convict him of crimes he did not commit); *Holland v. Cnty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (holding *Heck* barred plaintiff's due process claims where those claims necessarily call into question the validity of plaintiff's conviction); *Fields v. Macomb Cnty.*, 215 F.3d 1326, at *1 (6th Cir. 2000) (unpublished table decision) (holding *Heck* barred plaintiff's *Monell* claim which alleged defendants' municipal policies led to allegedly unconstitutional conviction).

**B.     STATUTE OF LIMITATIONS**

Defendants next argue Counts Seventeen through Twenty-Two and Counts Twenty-Eight through Thirty-Three are barred by the applicable statutes of limitation.  (*See* Doc. No. 12 at 7-11).  While "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations[,] . . . sometimes the allegations in the complaint affirmatively show that the claim is time-barred." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).  "When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Kerr argues the statute of limitations did not begin to run until January 18, 2021, when he completed his sentence in the 2012 Case.  (Doc. No. 14 at 4).  Kerr's position is not a correct statement of Ohio law and, therefore, I reject it and conclude these Counts are time barred.

Kerr alleges seven counts of intentional infliction of emotional distress and five counts of wanton and willful misconduct.  Claims for intentional infliction of emotional distress are subject to either a two-year or four-year limitations period, "depending on the type of action which gives rise to the claim." *Freeman v. City of Lyndhurst*, No. 1:09 CV 2006, 2010 WL 908171, at *3 (N.D. Ohio Mar. 12, 2010) (citation omitted); *Hawkins v. Bruner*, No. 1:14 CV 1990, 2015 WL 418166, at *2 n.4 (N.D. Ohio Feb. 2, 2015).  Similarly, tort claims against employees of political subdivisions are subject to the two-year limitations period found in Ohio Revised Code § 2744.04.  *Read v. City of Fairview Park,* 764 N.E.2d 1079, 1082 (Ohio Ct. App. 2001); *Davis v. Clark Cnty. Bd. of Comm'rs*, 994 N.E.2d 905, 909-10 (Ohio Ct. App. 2013).  *But see Pippin v. City of Reynoldsburg*, No. 2:17-cv-598, 2019 WL 4738014, at *9-*10 (S.D. Ohio Sept. 27, 2019) (acknowledging potential for the applicability of the general four-year limitations period to claims against political subdivision employees).

"Generally, a cause of action accrues[,] and the statute of limitations begins to run[,] at the time the wrongful act was committed . . . [or when] the plaintiff discovers, or by the exercise of

8

reasonable diligence should have discovered, that he or she was injured by the wrongful conduct of the defendant." *Norgard v. Brush Wellman, Inc.*, 766 N.E.2d 977, 979 (Ohio 2002). An intentional infliction of emotional distress claim accrues when "the tort is complete, that is, at the time the injury is incurred and the emotional impact is felt." *Biro v. Hartman Funeral Home*, 669 N.E.2d 65, 68 (Ohio Ct. App. 1995).

Kerr argues that, pursuant to the continuing violations doctrine, the statute of limitations did not begin to run until January 2021, when he completed his sentence in the 2012 Case. (Doc. No. 14 at 4). But "the present effects of a single past action do not trigger a continuing-violations exception to the statute of limitations." *Bd. of Educ. of Loveland City Sch. Dist. v. Bd. of Trs. of Symmes Twp.*, 111 N.E.3d 833, 842 (Ohio Ct. App. 2018) (citation omitted). Kerr's incarceration was no more than the continuing effect of the Defendants' actions in 2007 and 2013.[2] Therefore, Kerr's continuing-violation argument lacks merit.

Defendants argue the limitations period for Kerr's claims arising from the 2006 Case began to run in October 2007, when he was sentenced, and his 2012 Case claims began to run in April 2013, when he was convicted. (*See* Doc. No. 12 at 8-9). Thus, at the latest, the limitations period lapsed in April 2017. I agree.

Kerr did not file suit until September 9, 2021, well after the statute of limitations expired. Therefore, I conclude Kerr's claims for intentional infliction of emotional distress and willful or wanton misconduct found in Counts Seventeen through Twenty-Two and Counts Twenty-Eight through Thirty-Three are barred by the applicable statutes of limitation.

Finally, having concluded each of Kerr's substantive claims are barred by *Heck v. Humphrey*, the *Rooker/Feldman* doctrine, or the statute of limitations, I dismiss his claim for indemnification,

---

[2] To the extent Kerr asserts the limitations period was restarted through Judge Reger's denial of Kerr's motion to vacate his conviction, (*see* Doc. No. 1 at 17), I already have concluded any such claim is barred by *Heck v. Humphrey*.

9

(Doc. No. 1 at 80-81), because he cannot recover any damages in this litigation and thus has no right to indemnification.

### C. MOTIONS FOR LEAVE TO AMEND

Kerr has filed two motions for leave to amend his complaint. In the first, he proposes to amend his complaint to dismiss his claim for indemnification, "amplif[y] previously alleged claims," and seek additional damages. (Doc. No. 18 at 2). In the second, Kerr states he has removed "any paragraphs or phrases that could be construed as plaintiff is alleging the Judgment of Convictions (sic), themselves, violate the Constitution." (Doc. No. 23 at 2) (emphasis in original). Defendants oppose Kerr's motions. (Doc. Nos. 19, 20, and 24).

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).

I deny Kerr's motions because his proposed amendments would be futile. Leave to amend should be denied as futile if the proposed amendment would not "withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). His proposed amendments do nothing to rescue his state-law claims from the expired statutes of limitation. And while he tries to avoid the *Rooker/Feldman* and *Heck* bars by backing away from his claim that his

convictions were unlawful, (*see* Doc. No. 23 at 2), his proposed amendments would in part constitute an abandonment of his § 1983 claims, which require that a plaintiff show he was deprived of "rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Finally, even if Kerr could state a plausible § 1983 claim that did not necessarily imply the invalidity of his convictions, any such claim would be barred by the two-year limitations period applicable to § 1983 claims. *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989).

V. **CONCLUSION**

For the reasons stated above, I deny Kerr's motions for leave to amend his complaint, (Doc. Nos. 18 and 23), and grant the Defendants' motions to dismiss. (Doc. Nos. 11 and 13).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge