UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeremy Kerr,                                    Case No.  3:21-cv-1750

        Plaintiff,

    v.                                          ORDER

Robert Pollex, *et al.*,

        Defendants.

On September 27, 2022, I dismissed all claims asserted by *pro se* Plaintiff Jeremy Kerr, having concluded those claims were barred by *Heck v. Humphrey*, the *Rooker/Feldman* doctrine, or the statute of limitations and, with respect to Kerr's indemnification claim, that he had no right to indemnification because he cannot recover on any of his substantive claims.  (Doc. No. 26).  I also denied Kerr's two motions for leave to amend his complaint as futile.  (*Id.*).  Kerr has filed a motion for reconsideration, arguing I incorrectly concluded that this Court does not have the authority to declare his state court convictions as void ab initio, as an exception to the *Rooker/Feldman* doctrine. (Doc. No. 28).

Rule 59(e) states that a party must file a motion to alter or amend a judgment within 28 days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Kerr again argues that, pursuant to *Twin City Fire Insurance Co. v. Adkins*, 400 F.3d 293 (6th Cir. 2005), "*Rooker/Feldman* does not bar a federal district court from declaring a state court judgment void ab initio."  (Doc. No. 28 at 5); (*see also* Doc. No. 1 at 3; Doc. No. 14 at 2).  But, as I previously ruled, (Doc. No. 28 at 6), *Twin City* does not help Kerr.  The *Twin City* court held *Rooker/Feldman* did not apply in that case because the plaintiffs there were not involved in the state court litigation which was collaterally challenged in *Twin City*.  *See Twin City*, 400 F.3d at 297 ("This doctrine is inapposite in the present case, however, because *Rooker/Feldman* 'does not apply to bar a suit in federal court brought by a party that was not a party in the preceding action in state court.'") (quoting *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995)).  It was only <u>after</u> the Sixth Circuit Court of Appeals concluded that *Rooker/Feldman* did not apply (because the plaintiffs in *Twin City* were not the losing parties in the state court litigation) that it went on to consider whether the district court had the authority to declare the state court judgment void ab initio.  *See Twin City*, 400 F.3d at 297-99.

Kerr also argues my statute-of-limitations rulings were erroneous because the accrual of those claims has been deferred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  (Doc. No. 28 at 8).  But *Heck* applies to claims brought pursuant to 42 U.S.C. § 1983, not state law tort claims.  *Heck*, 512 U.S. at 486-87.  *Heck* did not toll the limitations periods applicable to Kerr's state-law claims, and those claims now are time-barred.  (*See* Doc. No. 26 at 8-9).

Finally, Kerr argues his motions for leave to amend are not futile because his "second amended complaint is absent of any allegations that the void state court judgment of convictions violate the federal constitution or federal law," and the "proposed amendments do not abandon his 1983 claims for Unlawful Incarceration because such claims are not required to be made on a specific guarantee of the Federal Constitution."  (Doc. No. 28 at 8, 9).  But *Rooker/Feldman* prohibits me from considering whether Kerr's state-court convictions are void and, as I previously ruled,

"even if Kerr could state a plausible § 1983 claim that did not necessarily imply the invalidity of his convictions, any such claim would be barred by the two-year limitations period applicable to § 1983 claims."  (Doc. No. 26 at 11 (citing *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989))).  Lastly, Kerr's attempt to plead a § 1983 claim for wrongful incarceration arising from a generalized constitutional violation, rather than asserting a violation of a specific Amendment to the Constitution, (Doc. No. 26 at 9-13), does not rescue that claim from either *Heck* and *Rooker*/*Feldman* or the applicable statute of limitations.

      For these reasons, I conclude Kerr fails to establish he is entitled to relief under Rule 59(e), and I deny his motion.  (Doc. No. 26).

      So Ordered.

s/ Jeffrey J. Helmick        
United States District Judge
